UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHERMAN GRIFFIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00215-SRC |
| | ) |
| BILL STANGE, | ) |
| | ) |
| Respondent. | ) |

### Memorandum and Order

Approaching a cab driver, Sherman Griffin asked for a ride. But when they arrived at Griffin's requested address, Griffin held a knife to the cab driver's throat and demanded money. Griffin then took the vehicle and drove away, and surveillance video showed him abandoning it. The police found Griffin's DNA on the handle of a knife left in the vehicle and found the cab driver's DNA on the blade. The cab driver identified Griffin in a photograph lineup, and Griffin ultimately confessed his crimes to the police.

A state court accepted Griffin's guilty plea and sentenced him to 23 years imprisonment in the Missouri Department of Corrections. Griffin filed a timely pro se motion for post-conviction relief in state court under Missouri Supreme Court Rule 24.035. The motion court appointed a public defender, although Griffin subsequently retained private counsel instead. In his amended motion for post-conviction relief, Griffin argued that his plea counsel had been ineffective. The motion court denied Griffin's Rule 24.035 motion without a hearing, and the Missouri Court of Appeals affirmed. Griffin now petitions this Court under 28 U.S.C. § 2254 for a writ of habeas corpus, alleging ineffective assistance of his plea counsel on two separate grounds. For the reasons discussed below, the Court denies Griffin's petition.

## I.     Facts and Background

According to 28 U.S.C. § 2254(e), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." During Griffin's post-conviction appeal, the Missouri Court of Appeals summarized the relevant facts as follows:

> The State charged [Griffin] with one count of first-degree robbery and one count of armed criminal action ("ACA"). On the morning [Griffin]'s trial was set to begin, after the trial court announced it would hear [Griffin]'s motions to suppress before beginning jury selection, [Griffin] requested a continuance to hire private counsel, although he stated his appointed counsel had done a good job. The trial court denied the motion for continuance, stating that the case had been set for six months, [Griffin]'s appointed counsel was experienced and capable, and everyone was ready to proceed. [Griffin] than requested a break to speak with his counsel. After consultation with his counsel, counsel informed the trial court that [Griffin] wished to plead guilty to both charges, not pursuant to an agreement with the State.
>
> During the guilty-plea hearing, [Griffin] agreed he wanted to plead guilty, his counsel had fully explained the charges, the elements of the charges, and any defenses he might have. [Griffin] agreed with the State's recitation that had the case proceeded to trial, the State would have proved that on August 28, 2015, [Griffin] approached a cab driver and asked to be taken to an address, but when they arrived [Griffin] held a knife to the cab driver's throat and demanded money. [Griffin] then took the vehicle and drove away. Surveillance video showed [Griffin] later exiting and abandoning the vehicle. A search of the vehicle revealed a knife matching the description given by victim, with [Griffin]'s DNA on the handle and the victim's DNA on the blade. The victim identified [Griffin] from a photograph line-up. [Griffin] confessed to police officers that he committed the crimes after receiving a Miranda warning.
>
> Before accepting [Griffin]'s guilty plea, the trial court confirmed that no one had promised him a specific sentence, he had not received threats in order to induce him to plead guilty, and his attorney had complied with all of his requests, answered all of his questions, contacted all witnesses, and investigated the case to his satisfaction. The trial court confirmed that [Griffin] understood the range of punishment and the trial rights he was waiving, and that the State was requesting a sentence of 25 years. The trial court informed [Griffin] it had told his counsel it

>would sentence [Griffin] to 23 years if [Griffin] pleaded guilty, of which he would have to serve 85%. [Griffin] responded he understood this and was requesting the court impose that sentence. The trial court then accepted [Griffin]'s guilty plea as knowing and voluntary, and sentenced him to concurrent sentences of 23 years in the Missouri Department of Corrections on both charges.
>
>On October 23, 2017, [Griffin] timely filed a pro se motion for post-conviction relief under Rule 24.035. The motion court appointed a public defender as counsel on November 13, 2017. The guilty-plea and sentencing transcript was filed on February 28, 2018. On March 1, 2018, private counsel entered an appearance on [Griffin]'s behalf. On March 2, 2018, the motion court entered an order finding [Griffin] had 60 days from that date to file an amended motion. [Griffin]'s retained counsel filed an amended Rule 24.035 motion for post-conviction relief and a request for an evidentiary hearing on May 1, 2018. In the amended motion, [Griffin] argued his counsel was ineffective: first, for coercing [Griffin] into pleading guilty by threatening him that the State was seeking multiple consecutive sentences up to 50 years, of which [Griffin] would have to serve 85%, and thus he "would be locked up for the rest of [his] life" if he did not plead guilty; and, second, for failing to advocate for the suppression of the State's evidence by not arguing the pretrial suppression motion before [Griffin] entered his guilty plea. The motion court denied [Griffin]'s Rule 24.035 motion without an evidentiary hearing, finding [Griffin]'s claims were without merit and were refuted by the record.

Doc. 9-4 at pp. 2–4. After the motion court denied Griffin's Rule 24.035 motion, he appealed to the Missouri Court of Appeals, which affirmed. Doc. 9-4. Griffin now seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254. Doc. 1.

**II.    Standard**

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254[.]" *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005), *as amended* (June 21, 2005). Federal habeas review exists only "as 'a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" *Woods v. Donald*, 575 U.S. 312, 315 (2015) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)). Accordingly, "[i]n the habeas setting, a federal court is bound by the

3

AEDPA [the Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003) (citing 28 U.S.C. § 2254).  For a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2).  A determination of a factual issue made by a state court is presumed correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence.  § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'"  *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).  An unreasonable application of clearly established Supreme Court precedent occurs where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case.  *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).  Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."  *Id*.

4

### III. Discussion

Griffin raises two grounds for relief in his habeas petition. Doc. 1. First, Griffin claims that his plea counsel was ineffective for pressuring him to plead guilty. *Id.* at p. 4. Second, Griffin claims that his plea counsel was ineffective for failing to investigate and failing to argue a suppression motion. *Id.* at p. 6.

#### A. Pressure to plead guilty

In his first ground, Griffin alleges that his plea counsel was ineffective for "pressuring" Griffin to plead guilty, even though Griffin wanted to prove he did not commit the charged offenses. Doc. 1 at p. 4. Griffin claims that his "pleas were not voluntary" and that his plea counsel's "representation fell below the standard of customary skill and diligence as [sic] reasonable competent attorney." *Id.* Griffin does not further elaborate on this brief statement. *Id*.

As the State points out, Doc. 9 at p. 6, the Eighth Circuit has held that "in order to substantially comply with the § 2254 Rule 2(c), a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Here, Griffin failed to identify how his counsel "pressured" him to plead guilty. Thus, he failed to state specific facts with sufficient particularity in his habeas petition. And pro se petitions—while liberally construed—must still sufficiently present a claim. *Miller v. Kemna*, 207 F.3d 1096, 1097 (8th Cir. 2000)). Mere "notice pleading" is insufficient. *Blackledge v. Allisson*, 431 U.S. 63, 76 n. 7 (1977); *see also Hill v. Lockhart*, 474 U.S. 52, 60

5

(1985) (finding pleadings insufficient on issue of prejudice).  Griffin's first ground for relief therefore fails.

However, Griffin did raise this claim in state court while seeking post-conviction relief. Doc. 1 at pp. 4–5 (indicating that Griffin raised his ground one claim in his post-conviction motion and appeal).  Assuming Griffin intended to raise the same claim here, the Court notes that he claimed in his post-conviction-relief appeal that his plea counsel "was ineffective for inducing [him] to plead guilty by coercion" and "pressured him to enter guilty pleas with false information." Doc. 9-1 at p. 14.

As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Griffin's claim "on the merits" within the meaning of § 2254(d).  *See Johnson v. Williams*, 568 U.S. 289, 301 (2013).  Because the Court of Appeals adjudicated his claim on the merits, Griffin cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

The Missouri Court of Appeals denied Griffin's claim, reasoning that:

Here, the record refutes [Griffin]'s allegations of ineffective assistance. Although [Griffin] asserts his counsel coerced him into pleading guilty by threatening the State would request consecutive sentences for a term of imprisonment of 50 years, at the guilty plea hearing [Griffin] testified he had not been promised a specific sentence or threatened in order to induce him to plead guilty. Further, any statement by his counsel of what the range of punishment was or that the State could request consecutive sentences for each count was not improper or coercive; rather, "[i]t is the duty of counsel to advise a client of the possible consequences of trial" in order for the defendant to make an informed decision as to whether to plead guilty. *Grace v. State*, 313 S.W.3d 230, 233-34 (Mo. App. E.D. 2010) (citation omitted). Regardless, before he pleaded guilty, the plea court confirmed that [Griffin] understood the State was requesting a sentence of 25 years, not 50 years. Notably, the trial court then informed [Griffin] it had told his counsel it would sentence [Griffin] to 23 years if [Griffin] pleaded guilty, of which he would have to serve

6

> 85%, and [Griffin] agreed he was requesting this 23-year sentence. [Griffin] now claims this guilty plea was involuntary and coerced. Under these circumstances, the record shows [Griffin] had sufficient awareness of the relevant circumstances and the likely consequences of the plea, making his plea knowing and voluntary. See [*Muhammad v. State*, 367 S.W.3d 659, 661 (Mo. Ct. App. 2012)].
>
> [Griffin]'s testimony at the plea hearing refutes his claim that his guilty plea was involuntary as a result of plea counsel's pressure and coercion. Rather, the record showed that [Griffin]'s plea was voluntary, knowing, and intelligent. The motion court did not err in denying his motion without an evidentiary hearing.

Doc. 9-4 at p. 7.

To the extent the Missouri Court of Appeals applied federal law, its application was reasonable. Further, its factual findings are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790. Nothing in Griffin's petition or the state-court record suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2). Accordingly, the Court denies the first ground in Griffin's petition for habeas relief.

### B. Failure to investigate and argue a suppression motion

In his second ground, Griffin claims that "[t]he motion court erred in denying my 23.035 post-conviction motion and the facts were not clearly refuted by the record." Doc. 1 at p. 6. He also claims that his plea counsel "was ineffective for failing to investigate the case and failing to argue suppression motions" and that he "was unable to make an informed decision as to the guilty pleas." *Id.* Again, Griffin fails to further elaborate on this brief statement. *Id.*

Based on the same authorities stated above, Griffin's second ground for relief does not state specific facts with sufficient particularity, and therefore fails for that reason alone. Further, as the State points out, to the extent Griffin claims that the motion court erred by denying his post-conviction motion, that claim "does not raise a constitutional issue cognizable in a federal habeas petition." *Gee v. Groose*, 110 F.3d 1346, 1351–52 (8th Cir. 1997).

7

However, Griffin did raise an ineffective-assistance-of-counsel claim in state post-conviction relief proceedings. Doc. 1 at pp. 6–7 (indicating that Griffin raised this claim in his post-conviction motion and appeal). Assuming Griffin intends to raise the same claim here, the Court notes that in his post-conviction-relief appeal, he claimed that if his counsel had argued motions to suppress, he "would have been in a better position to evaluate what purported evidence [the] State had against Appellant Griffin." Doc. 9-1 at p. 22. Similarly, Griffin claimed that if his counsel had argued the motions, he "would have known whether the purported evidence would be admissible or inadmissible at trial." *Id.* at pp. 22–23. Griffin also claimed that his counsel "failed to advocate in any manner on the behalf of Appellant Griffin at the plea hearing." *Id.* at p. 23. Griffin argued that his counsel's conduct affected the "voluntariness and understanding with which the plea was made." *Id.* at p. 24.

As a threshold matter, the Court finds that the Missouri Court of Appeals adjudicated Griffin's claim "on the merits" within the meaning of § 2254(d). *See Johnson*, 568 U.S. at 301. Because the Court of Appeals adjudicated his claim on the merits, Griffin cannot obtain habeas relief under § 2254(a) unless the decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law" under § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2).

The Missouri Court of Appeals concluded that "[t]he motion court did not err in denying [Griffin]'s motion for post-conviction relief without an evidentiary hearing," reasoning that:

> Here, the trial court announced that it was ready to hear the motions to suppress when [Griffin] asked for a continuance to obtain new counsel. The trial court denied the motion, noting that [Griffin]'s counsel was experienced and ready to proceed. [Griffin] then asked to speak to his counsel, after consultation with whom he announced he wished to plead guilty. The trial court confirmed that [Griffin]'s plea was not coerced; that he understood his rights and the range of punishment; that his

8

> attorney had complied with all of his requests, answered all of his questions, contacted all witnesses, and investigated the case to his satisfaction; and that he understood the trial court planned to sentence him to 23 years if he pleaded guilty. On this record, [Griffin]'s guilty plea was demonstrably made with sufficient awareness of the relevant circumstances and likely consequences of his plea. *See* [*May v. State*, 309 S.W.3d 303, 306 (Mo. Ct. App. 2010)]. Because his guilty plea was voluntary, [Griffin] waived any complaints about his plea counsel's failure to argue the pending motions to suppress.

Doc. 9-4 at pp. 8–9.  The court also stated that "[t]o the extent that [Griffin] argues his counsel's failure to investigate the State's evidence invalidated the voluntariness of his guilty plea, this argument is not supported by the facts. Rather, the record showed his counsel filed several motions to suppress and was ready to argue these motions when [Griffin] expressed his wish to plead guilty." *Id.* at p. 9 n.4.

To the extent the Missouri Court of Appeals applied federal law, its application was reasonable.  Further, its factual findings—including the finding that Griffin's plea counsel filed and was ready to argue several motions to suppress—are "presumptively correct" and "enjoy support in the record." *See Ryan*, 387 F.3d at 790.  Nothing in Griffin's petition or the state-court record suggests that the Court of Appeals' ruling was "based on an unreasonable determination of the facts." *See* § 2254(d)(2).  Accordingly, the Court denies the second ground in Griffin's petition for habeas relief.

## IV.     Certificate of Appealability

The Court finds that Griffin has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. 28 U.S.C. § 2253(c); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").  Therefore,

9

the Court does not issue a certificate of appealability as to any claims raised in Griffin's § 2254 petition.

V.      **Conclusion**

The Court denies Sherman Griffin's [1] petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, and dismisses the petition with prejudice.  The Court does not issue a certificate of appealability.  Because Bill Stange, Warden of the Southeast Correctional Center, is Griffin's custodian, Doc. 9 at p. 1, the Court directs the Clerk of Court to substitute Stange for the Missouri Department of Corrections as the respondent and amend the case caption accordingly.  *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

So Ordered this 28th day of December 2021.

_SLR.CL_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE